IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL MONIEM ALI EL-GANAYNI, ) <br> Plaintiff, ) <br> v. ) <br>   ) <br> UNITED STATES DEPARTMENT OF ) <br> ENERGY and JEFFREY F. KUPFER, ) <br> Acting Deputy Secretary of Department of ) <br> Energy, ) <br> Defendants. ) | 2:08-cv-881 |

## MEMORANDUM ORDER

The Court conducted a telephonic status conference with counsel for the parties this date, during which an oral MOTION FOR RECONSIDERATION of the Court's Memorandum Order of November 20, 2008, which denied Defendants' Motion to Dismiss Count III of Plaintiff's Complaint, was presented by Defendants United States Department of Energy and Jeffrey F. Kupfer, Acting Deputy Secretary (collectively, "DOE").

DOE's motion is premised on the Notice of Filing (Document No. 37) of a certification and determinations in re: ABDEL-MONIEM ALI EL-GANAYNI signed by Secretary of Energy Samuel W. Bodman on November 24, 2008 (the "Bodman Certification"). On the record, counsel for Plaintiff orally objected to Defendants' motion, however Plaintiff does not challenge the authenticity of the Bodman Certification and does not object to the Court taking judicial notice of this new evidence. During the status conference, counsel for all parties agreed that this oral motion without briefs procedure was the most effective mechanism for the disposition of the remaining issue(s) in this case.

In a Memorandum Order dated October 31, 2008, the Court granted Defendants' motion to dismiss Counts I and II of Plaintiff's Complaint, but deferred ruling on Count III pending

supplemental briefs.  In a Memorandum Order dated November 20, 2008, the Court denied Defendants' motion to dismiss Count III of the Complaint, and explained:

> In summary, the Kupfer Certification violates § 7.2(c) of Executive Order 12968 by "diminishing or otherwise affecting" the denial and revocation procedures provided to individuals covered by Executive Order 10865.  Under the circumstances of this matter as presented to the Court, only the Secretary of Energy (agency head) is empowered to determine that the denial and revocation procedures for Dr. El-Ganayni "cannot be invoked in a manner that is consistent with national security."

On November 24, 2008, DOE filed the Bodnar Certification, which represents an agency head personal determination by the Secretary of Energy that the applicable procedures set forth in Executive Orders 10865 and 12968 and 10 C.F.R. § 710.26-710.30 "cannot be made available to Dr. El-Ganayni without damaging the interests of national security by revealing classified information."  The Bodnar Certification supersedes the Kupfer Certification and addresses the procedural shortcoming which caused the Court to deny Defendants' Motion to Dismiss Count III.  Plaintiff acknowledges that the Bodnar Certification bars the relief sought in Count III of the Complaint and agrees that further litigation in this Court is not warranted.[1]

AND NOW, in accordance with the foregoing, the oral MOTION FOR RECONSIDERATION is **GRANTED** and Defendants' MOTION TO DISMISS (Document No. 20) is **GRANTED as to Count III** of Plaintiff's Complaint.  All other pending motions are **DENIED AS MOOT**.  The clerk shall docket this case closed.

SO ORDERED this 25th day of November, 2008.

BY THE COURT:

---

[1] Plaintiff renews and preserves for appeal all of the arguments set forth in his prior filings.

s/ Terrence F. McVerry
United States District Court Judge

cc: Keith E. Whitson, Esquire
Email: kwhitson@schnader.com
Paul H. Titus, Esquire
Email: ptitus@schnader.com
George E. McGrann, Esquire
Email: gmcgrann@schnader.com
Witold J. Walczak, Esquire
Email: vwalczak@aclupgh.org

Marcia K. Sowles, Esquire
Email: Marcia.Sowles@usdoj.gov